Danielle M. DeFilippis (014012004)
**NORRIS McLAUGHLIN, P.A.**
400 Crossing Blvd., 8th Floor
Bridgewater, New Jersey 08807
Tel.: (908) 722-0700
dmdefilippis@norris-law.com
*Attorneys for Plaintiff Just Born, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUST BORN, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MAILLO CONFECTIONS LLC and THE SNACKATERE NJ INCORPORATED <br><br> Defendants. | \_\_\_CV_____ <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff JUST BORN, INC. ("Just Born" or "Plaintiff"), by and through its counsel, Norris McLaughlin, P.A., files this Complaint against Defendants MAILLO CONFECTIONS LLC ("Maillo") and THE SNACKATERE NJ INCORPORATED ("Snackatere" and, together with Maillo, the "Defendants"), alleging as follows:

### NATURE OF THIS ACTION AND BACKGROUND

1.    Plaintiff brings this action as a result of Defendants' infringement of Plaintiff's rights in its world-famous trademarks and trade dress, under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), dilution of Plaintiff's rights in its world-famous trademarks and trade dress under the Federal

Trademark Dilution Revision Act, 15 U.S.C. § 1125(c), dilution under N.J.S.A. 56:3-13.20, and unfair competition under N.J.S.A. 56:4-1 *et seq* and New Jersey common law.  Plaintiff seeks injunctive relief and damages arising from the Defendants' infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and New Jersey statutory and common law.

2.      Plaintiff's trademarks and trade dress have a long history in the United States, where Plaintiff's PEEPS® candy originated in the 1950's as a chick-shaped candy.  In 1979, Plaintiff added the iconic bunny shape, a rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head, (the "PEEPS® Bunny Design"). Since then, the PEEPS® line of marshmallows has grown to include other shapes such as snowmen, pumpkins, and ghosts.  Plaintiff's PEEPS® products of all shapes and types are sold in recognizable plastic packaging (as defined more fully below, the "PEEPS® Packaging Trade Dress").

3.      By way of example, PEEPS® candies in the PEEPS® Bunny Design and packaged in the PEEPS® Packaging Trade Dress are shown in the photographs below:



*Fig. 1*
*PEEPS® brand candies in the PEEPS® Bunny Design in the PEEPS® Packaging Trade Dress*

4.      Since 1953, many of the Plaintiff's trademarks and trade dress, including the PEEPS® word mark, iconic chick shape, and the PEEPS® Bunny Design, have become famous and universally known among consumers in America and worldwide.  Plaintiff has sold PEEPS®

brand candy in the PEEPS® Bunny Design for more than 45 years.  Plaintiff's PEEPS® brand candies are consistently the most popular non-chocolate Easter candy, and have maintained that position for two decades. In 2025, over 150 million PEEPS® candies in the PEEPS® Bunny Design were sold.

5.      The Defendants have been marketing, promoting, and selling marshmallows in a bunny shape virtually identical to the shape of the PEEPS® Bunny Design (the "Infringing Marshmallows"), which directly compete with Plaintiff's PEEPS® candies, in packaging deliberately virtually identical to Plaintiff's PEEPS® Packaging Trade Dress and bearing a repeating pattern of two-dimensional bunnies (the "Infringing Packaging").

6.      Defendants, at all relevant times, were well aware of Plaintiff's PEEPS® Bunny Design and PEEPS® Packaging Trade Dress given (a) Plaintiff's long use and fame; (b) the direct copying of various elements of Plaintiff's PEEPS® Bunny Design and PEEPS® Packaging Trade Dress in the Infringing Marshmallows and the Infringing Packaging; and (c) correspondence between counsel for Plaintiff and Defendants prior to Defendants' launch of the Infringing Marshmallows in the Infringing Packaging.

7.      Therefore, the Defendants are willfully trading upon the goodwill, recognition, and fame that Plaintiff has built for many years in its PEEPS® Bunny Design and PEEPS® Packaging Trade Dress.

8.      By way of example, side by side comparisons of the Infringing Marshmallows, both in and out of the Infringing Packaging, with PEEPS® candies in the PEEPS® Bunny Design, both in and out of the PEEPS® Packaging Trade Dress, are shown below.

|  |  |
|---|---|
| *Fig. 2* | *Fig. 3* |
| *Top: Infringing Marshmallows in the Infringing Packaging*<br>*Bottom: PEEPS® brand marshmallows in the PEEPS® Bunny Design in the PEEPS® Packaging Trade Dress* | *Left: PEEPS® brand marshmallow in the PEEPS® Bunny Design*<br>*Right: Infringing Marshmallow* |

9.      Unless enjoined by this Court, Defendants' ongoing actions are likely to cause irreparable injury to Plaintiff by willfully causing confusion among consumers as to whether Defendants' products are authorized or endorsed by Plaintiff and irreparably blurring the distinctiveness of the famous PEEPS® Bunny Design.

## PARTIES AND JURISDICTION

10.      Plaintiff is a corporation organized under the laws of the Commonwealth of Pennsylvania, with an address at 1300 Stefko Boulevard, Bethlehem, Pennsylvania 18017.

11.     Upon information and belief, Maillo Confections LLC is a Limited Liability Company organized under the laws of New Jersey, with an address at 110 Kipp Avenue, Unit 20D, Elmwood Park, New Jersey 07407.

12.     Upon information and belief, The Snackatere NJ Incorporated is a corporation organized under the laws of New Jersey, with an address at 4 Getzil Berger Blvd, Monroe, New York 10950.

13.     Upon information and belief, Maillo is an affiliate of and shares ownership with Snackatere.

14.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a). The state law claims in this action arise from the same common nucleus of operative facts and transactions as the Lanham Act claims, such that they form part of the same case or controversy, and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

15.     This Court has personal jurisdiction over Maillo because Maillo is a New Jersey limited liability company, resides in New Jersey, does substantial business in New Jersey, and committed acts of trademark infringement, trademark dilution, and unfair competition in New Jersey.

16.     This Court has personal jurisdiction over Snackatere because Snackatere is a New Jersey corporation, does substantial business in New Jersey, and committed acts of trademark infringement, trademark dilution, and unfair competition in New Jersey.

## VENUE

17.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Maillo and Snackatere are both residents of this district pursuant to 28 U.S.C. § 1391(c)(2) and under 28 U.S.C. § 1391(b)(2) because the District of New Jersey is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

### Just Born's Famous PEEPS® Candy, Bunny, and Packaging

18.    Plaintiff Just Born is a third-generation family-owned candy company founded in 1923 in Brooklyn, New York and headquartered in Bethlehem, Pennsylvania since 1932.  Plaintiff Just Born prides itself on its environmental stewardship, community involvement, and its century-long history of creating family memories.

19.    Plaintiff has, since 1954, manufactured and sold under the PEEPS® brand marshmallows in various shapes, commencing with the shape of a chick and, in 1979, adding the PEEPS® Bunny Design and, later, a plethora of other shapes, including ghosts, pumpkins, trees, snowmen, and more.  The original chick shape and the PEEPS® Bunny Design have been continuously available since their launch, and candy in those shapes have throughout that time been exclusively manufactured and sold by Plaintiff.

### Plaintiff's Trademarks

20.    Plaintiff uses and licenses various PEEPS® trademarks and trade dress, including relevantly the PEEPS® Bunny Design for use by its licensees as both two-dimensional trademarks and as product and packaging configurations in the United States and around the world.

21.     Plaintiff is the owner of multiple U.S. Trademark Registrations for various PEEPS® word marks and design marks, including relevantly the below incontestable U.S. Trademark Registrations for the PEEPS® Bunny Design in connection with various goods:

| Registration No. | Drawing of PEEPS® Bunny Design | Goods | Reg. Date |
|---|---|---|---|
| US 4627913 (the "'913 Registration") | | • Series of fiction books in Class 16<br>• Drinking glasses, namely, tumblers; Mugs; Paper baking cups in Class 21<br>• Infant and toddler one piece clothing; Shirts in Class 25<br>• Candy in Class 30 | Oct. 28, 2014 |
| US 4651865 | | Plush toys in Class 28 | Dec. 09, 2014 |
| US 4607570 | | Cake pans; Cookery molds in Class 21 | Sep. 16, 2014 |
| US 3809165 (the "'165 Registration" and, together with the '913 Registration, the "Bunny Registrations") | | Candy in Class 30 | Jun. 29, 2010 |

22.     The above, including specifically the Bunny Registrations, are valid, subsisting, and incontestable and are presumed distinctive and nonfunctional.  Registration certificates for each of the above U.S. Trademark Registrations are attached hereto as **Exhibit A**.

23.     The PEEPS® Bunny Design is globally known and registered abroad in Canada and China:

| Registration No. | Drawing of PEEPS® Bunny Design | Goods | Reg. Date |
|---|---|---|---|
| CA TMA900133 | | • Cardboard cake boxes, paper baking cups, gift bags; cake stands, cookery moulds, cookie cutters, cake pans in Class 21 <br> • Candy in Class 30 | April 1, 2015 |
| CN 8796921 | | Confectionary in Class 30 | April 11, 2011 |

24.     The PEEPS® Bunny Design, as registered and appearing on Plaintiff's PEEPS® brand candy and licensed items, is composed of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

25.     The PEEPS® Bunny Design is in use in commerce both as a two-dimensional mark applied to goods or their packaging and as the configuration of candy and licensed goods to indicate that they originate from or are licensed and authorized by Plaintiff.

26.     The PEEPS® Bunny Design does not improve the function or the manufacture of Plaintiff's PEEPS® brand marshmallows.

27.     Plaintiff's PEEPS® brand candy is most commonly formed of white marshmallow coated with pastel-colored granulated sugar and is packaged in distinctive and recognizable rectangular white paper trays wrapped in plastic packaging (usually pastel) with a repeating bunny-

- 8 -

shaped print with a transparent window on the right side or top through which clusters of four candies can be seen (the "PEEPS® Packaging Trade Dress"). Photographs of Plaintiff's PEEPS® brand candy in the PEEPS® Packaging Trade Dress appear below.



*Fig. 4: PEEPS® brand candies in the PEEPS® Packaging Trade Dress*

**The Fame of the PEEPS® Bunny Design**

28.    Plaintiff's PEEPS® brand candy, including candies in the PEEPS® Bunny Design, are sold in grocery stores, candy stores, pharmacies, convenience stores, and major and specialty retailers.  Retailers carrying PEEPS® brand candy, including candies in the PEEPS® Bunny Design, include Amazon, Walmart, Target, CVS, Walgreens, Dollar Tree, Albertsons, Wegmans, Price Chopper, ShopRite, military commissaries and exchanges, and virtually every other grocery and food retail channel.

29.    Plaintiff's PEEPS® brand candies are consistently the most popular non-chocolate Easter candy, and have maintained that position for two decades, with media impressions in 2025 in the tens of billions. Over 150 million candies in the PEEPS® Bunny Design were sold in each of the past three years.

30. An uncompensated 2026 third-party study found that PEEPS® brand candy was the most popular Easter candy by search interest nationwide. *See* https://www.innerbody.com/top-easter-candies-by-state.

31. Over the past decade, Plaintiff's PEEPS® brand candies in the PEEPS® Bunny Design have made celebrity appearances on many programs including: Good Morning America, The Today Show, Jimmy Kimmel Live, The Tonight Show with Jimmy Fallon, ABC World News Now, Access Hollywood, Access Daily, Last Week Tonight with John Oliver, NBC Megyn Kelly Today, Good Day New York, Good Day LA, Fox Business Network Mornings with Maria, and ABC The Chew.

32. As an example of the national media coverage PEEPS® brand candies receive, a March 24, 2026, Today Show segment discussed the national popularity of PEEPS® brand candies and Al Roker used a PEEPS® brand candy in the PEEPS® Bunny Design to demonstrate how he likes to eat PEEPS® brand candies.

33. Over the past decade, Plaintiff's PEEPS® brand candies in the PEEPS® Bunny Design have also been featured in articles by several newspaper and magazine outlets, including The New York Times, USA Today, Fortune, The New York Post, People, Food & Wine, Good Housekeeping, Better Homes & Gardens, Parade, Forbes, Town & Country, Country Living, The Pioneer Woman, Delish, Tasting Table, AOL, Taste of Home, Newsbreak, Food Network and Smithsonian Magazine.

34. Over the decades, Plaintiff's PEEPS® brand candies in the PEEPS® Bunny Design have been the subject of art shows, art projects, and contests, including those sponsored and operated by the Washington Post, Carroll County Arts Council PEEPSHOW (now in its 19th year),

the Racine Art Museum (in its 17th year), Peddler's Village PEEPS in the Village (in its seventh year), ArtsQuest PEEPSFEST, and Pioneer Press (in its 22nd year).

35.     Plaintiff makes, offers for sale, and sells marshmallows in the PEEPS® Bunny Design and licenses use of the PEEPS® Bunny Design in connection with other goods, which goods its licensees have successfully marketed under the PEEPS® brand based on the fame and universal renown of the PEEPS® Bunny Design.

36.     The iconic PEEPS® Bunny Design is sought out by consumers due to their recognition and positive associations with the PEEPS® brand.  Other companies recognize this iconic status and license the PEEPS® Bunny Design for their products, both as a two-dimensional design and as a product configuration.  As a result, the PEEPS® Bunny Design has been licensed for use in partnership with many third-party brands, driven by the longstanding and worldwide fame of the PEEPS® Bunny Design and marshmallow candy.

37.     Recent marketing partnerships have seen the PEEPS® Bunny Design appear on food products such as cake mixes, cupcakes, frozen beverages, gummy candy, lollipops, cotton candy, chocolate bunnies, sprinkles, coffee creamer, milk, cookies, and breakfast cereal.  Examples include: Duncan Hines® PEEPS® Cake mix, Hostess® PEEPS® cupcakes, PEEPS® flavored ICEE® beverages, Flix PEEPS® Gummies, PEEPS® Pop Ups®! Lollipops, Thrive Brands PEEPS® cotton candy, Treat Street® PEEPS® chocolate bunnies and PEEPS® sprinkles, PEEPS® brand International Delight creamer, Promised Land PEEPS® Sweet Marshmallow flavored milk, PEEPS® brand Oreo® sandwich cookies, Frankford PEEPS® Bunny butter cookies, COLOR-A-TREAT® PEEPS® cookie coloring kits, and Kellogg's® PEEPS® Marshmallow Cereal.  Images of selected licensed food products bearing the PEEPS® Bunny Design or in the PEEPS® Bunny Design configuration are shown below and on **Exhibit B**:



*Fig. 5: Various licensed food items bearing or in the PEEPS® Bunny Design*

38.    Licensed non-food products in the PEEPS® Bunny Design configuration include plush toys, purses, jewelry, apparel, bubble wands, bunny slippers, sleepwear, straw cups, pet toys, flip-flops, sunglasses, books, hair accessories, and sneakers.  Images of selected licensed non-food products in the PEEPS® Bunny Design configuration, including both the complete PEEPS® Bunny Design and recognizable portions thereof, are shown below and in **Exhibit C**:



*Fig. 6: Various licensed non-food items bearing or in the PEEPS® Bunny Design*

39.     As can be seen in the example licensed goods shown in Figures 5 and 6 and in Exhibit B & C, consumers recognize and seek out products bearing or configured in the PEEPS® Bunny Design, including products in a configuration that is a truncation of the PEEPS® Bunny Design, *e.g.* the above hair ornaments, sandals, and sunglasses.

40.    In 2026 there are more than 70 licensees using the PEEPS® Bunny Design on more than 400 licensed products.

41.    Plaintiff's trademarks and trade dress, including the PEEPS® Bunny Design, also enjoy widespread grassroots fan recognition from consumers who dedicate blog articles, social media groups, and websites to their love of PEEPS® brand products, posting and sharing their recipes, craft projects, artworks, fond memories, and appreciation of the taste, appearance, and image of PEEPS® brand products.

42.    Plaintiff also has a strong social media following, which include over 293,000 Facebook followers, nearly 108,000 Instagram followers, more than 125,000 TikTok followers, and nearly 24,000 Twitter/X followers.

43.    Traditional media extensively covers and discusses PEEPS® brand products. This year the 2026 spring holiday season resulted in sixty billion estimated media impressions for Plaintiff's PEEPS® brand.

44.    Accordingly, Plaintiff's PEEPS® Bunny Design and the PEEPS® Packaging Trade Dress are known by the consuming public as being uniquely associated with Plaintiff, exclusive to Plaintiff, and the PEEPS® Bunny Design should be considered as a famous mark under the law.

45.    In sum, Plaintiff's long standing fame and strong brand recognition are shown by: a) its continuous and exclusive use of the PEEPS® Bunny Design for more than 45 years; 2) its impressive advertising through strong social media following, which include over 500,000 followers across various social media platforms; c) traditional media extensively covering and discussing PEEPS® brand products; d) its sales of over 150 million PEEPS® candies in the PEEPS® Bunny Design in each of the last three years; and e) the more than 70 licensees using the PEEPS® Bunny Design on more than 400 licensed products in 2026 alone.

**Defendants' Announcement of its Good Mallow Shapes Product**

46.    Upon information and belief, in or around January 2022, Defendant Snackatere launched a line of marshmallow products under the name Good Mallow.

47.    Defendant Snackatere filed a trademark application for the word mark GOOD MALLOW, in Class 30 for marshmallow, which was registered on the Supplemental Register, U.S. Registration No. 6769885, the register which is reserved for descriptive marks.

48.    Upon information and belief, on or about March 23, 2025, Defendant Snackatere assigned all right, title, and interest in and to the trademark GOOD MALLOW and the associated registration to Defendant Maillo.

49.    Defendant Maillo is the current owner of record for U.S. Registration No. 6769885 for the word mark GOOD MALLOW.

50.    Upon information and belief, prior to May 2025, Defendants Snackatere and Maillo manufactured, offered for sale, and sold Good Mallow products in various flavors, in a single, non-representational rounded frustrum shape, as shown below, in a screenshot from Defendants' own Amazon listing:



*Fig. 7: Image of Defendants' marshmallows offered prior to the Infringing Marshmallows*

51.    Upon information and belief, in or around May, 2025, Maillo publicly announced via its website at https://goodmallow.com/ that it planned to launch a line of marshmallows in various seasonal shapes including, *inter alia*, bunnies.  That announcement included a rendering

of the proposed shape and packaging of the planned marshmallows, shown below (the "Proposed Infringing Marshmallows.")



*Fig. 8: Defendants' Proposed Infringing Marshmallows*

52.    On July 1, 2025, through its undersigned counsel, Plaintiff sent a letter to Defendant Maillo demanding that it cease promoting and not launch the Proposed Infringing Marshmallows. Plaintiff's letter informed Defendant Maillo of Plaintiff's trademark rights and registrations.

53.    From July through November 2025, counsel for the respective parties communicated regarding Defendants' infringement.  While no resolution was reached at that time, Plaintiff informed Defendant Maillo through counsel that if Defendant commenced sales of its marshmallow product in a bunny design, that it must be a significantly modified design that is not confusingly similar to the PEEPS® Bunny Design and that failure to do so would result in enforcement of Plaintiff's rights.  Despite that warning, Defendants made no substantial changes to the design.

**Defendants' Launch and Sale of the Infringing Marshmallows**

54.    Upon information and belief, in or around January 2026, Defendants began to manufacture, distribute and sell marshmallows in a bunny shape (the "Infringing Marshmallows"). Images of two colors of the Infringing Marshmallows are shown below in their packaging:



*Fig. 9: Defendants' Infringing Marshmallows in packaging*

55.    Upon information and belief, the Infringing Marshmallows are sold online via Amazon, and in-store at Albertsons, Wegmans, Price Chopper, ShopRite, independent health food stores, and other retail grocery and food stores.

56.    Upon information and belief, both Defendants participate in the manufacture, distribution, and/or sale of the Infringing Marshmallows.

57.    Upon information and belief, the Infringing Marshmallows are generally sold at similar price points to Plaintiff's PEEPS® brand marshmallows in the PEEPS® Bunny Design.

58.     Upon information and belief, Infringing Marshmallows are the first marshmallows sold in representational shapes (*i.e.* an object or animal) by Defendants instead of their previous abstract or purely functional shapes.

59.     As shown above, the Infringing Marshmallows are sold in rectangular white paper trays wrapped in pastel packaging with a transparent window (the "Infringing Packaging") through which the Infringing Marshmallows, in clusters of four pieces, can be seen, with faces printed on the packaging to superimpose faces with dots for eyes and varying smiles on the surface of the Infringing Marshmallows.

60.     Upon information and belief, the Infringing Packaging differs substantially from Defendants' packaging for their other products, as shown below in images from Defendants' own Amazon listings.



*Fig. 10: Defendants' packaging for its other products*

61.     The Infringing Marshmallows are also sold in multipacks, the packaging of which is imprinted with a repeating pattern of bunny design confusingly similar to the PEEPS® Bunny Design, as shown below:

- 18 -







*Fig. 11: Various views of a multipack of Defendants' Infringing Marshmallows*

62.    Upon information and belief, at least some Infringing Marshmallows were distributed and sold that bore faces made of three dots.  Images of such Infringing Marshmallows, both in and out of their original packaging were captured and posted by a third-party blogger at https://yourneighborhoodvegan.com/2026/02/20/goodmallow-vegan-peeps/, copies of which images are included below:



*Fig. 12: Images including Infringing Marshmallows with three-dot faces*

63.    An image of a single Infringing Marshmallow, out of its packaging, is shown below:



*Fig. 13: A single Infringing Marshmallow*

64.    As shown above, the Infringing Marshmallows are configured in a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head.

65.    The Infringing Marshmallows are formed of white marshmallow coated with pastel-colored granulated sugar.

66.    Each Infringing Marshmallow is even the same weight as a genuine PEEPS® marshmallow in the PEEPS® Bunny Design and, as a result, feels similar when held by a consumer.

### The Infringing Marshmallows and Infringing Packaging are Confusingly Similar to Plaintiff's Registered Trademarks and PEEPS® Packaging Trade Dress

67.    The product configuration of the Infringing Marshmallows is identical or substantially similar to the PEEPS® Bunny Design. Both the PEEPS® Bunny Design and the Infringing Marshmallows are:

- a simplified rounded silhouette of a front-facing bunny;

- with a v-shaped pair of rounded ears centrally placed on the head;

- formed of white marshmallow coated with pastel-colored granulated sugar;

- of the same size and

- the same weight.

68.     The Infringing Marshmallows have a substantially similar visual impression to the PEEPS® Bunny Design.

69.     The Infringing Marshmallows, having the same size and weight as PEEPS® brand candy sold in the PEEPS® Bunny Design, also have similar heft and feel in the consumer's hand to PEEPS® brand candy sold in the PEEPS® Bunny Design.

70.     When viewed side by side or overlaid, the similarity of the overall shape of the Infringing Marshmallows and the PEEPS® brand candy sold in the PEEPS® Bunny Design is striking, as shown in the images below:



*Fig. 14: A PEEPS® brand candy in the PEEPS® Bunny Design (L) and*
*an Infringing Marshmallow (R), side by side*





*Fig. 15: An Infringing Marshmallow atop a PEEPS® brand candy in the PEEPS® Bunny Design*

*Fig. 16: A PEEPS® brand candy in the PEEPS® Bunny Design atop an Infringing Marshmallow*

71.    This similarity is consistent across the colors of Infringing Marshmallow product, which themselves are arrayed in imitation of the colors of Plaintiff's PEEPS® candy sold in the PEEPS® Bunny Design, as shown below:



*Fig. 17: Top row: Four Infringing Marshmallows*
*Bottom row: Four PEEPS® brand candies in the PEEPS® Bunny Design*



*Fig. 18*
*Four Infringing Marshmallows atop PEEPS® brand Candies in the PEEPS® Bunny Design*



*Fig. 19: Top (ear-end) view of four Infringing Marshmallows stacked atop*
*PEEPS® brand candies in the PEEPS® Bunny Design*

72.    The shape of the Infringing Marshmallows is, as shown extensively above, substantially similar to the PEEPS® Bunny Design.

73.    As a result of this substantial similarity, the shape of the Infringing Marshmallows is likely to cause confusion or mistake among consumers, or to deceive consumers, as to whether the Infringing Marshmallows originate from or are approved, authorized, or licensed by Plaintiff, or if the Infringing Marshmallows or Defendants are otherwise related to or associated with Plaintiff.

74.    The Infringing Packaging is also directly imitative of and substantially and confusingly similar to the PEEPS® Packaging Trade Dress.  The overall look of the Infringing

Packaging is the same as the PEEPS® Packaging Trade Dress. Side by side images of the Infringing Packaging and the PEEPS® Packaging Trade Dress are shown below:



*Fig. 20*
*Top: Infringing Marshmallows in the Infringing Packaging*
*Bottom: PEEPS® candies in the PEEPS® Bunny Design in PEEPS® Packaging Trade Dress*

75. As can be seen in the above images, both packaging designs consist of:

- pastel plastic packaging;

- with a repeating bunny-shaped print of the PEEPS® Bunny Design or a design that is confusingly similar to the PEEPS® Bunny Design;

- with a transparent window on the right side or top;

- through which clusters of four candies can be seen.

76. The inclusion of the descriptive phrasing GOOD MALLOW on the Infringing Packaging does nothing to dispel consumer confusion because it is not a distinctive element of the packaging and merely informs the potential purchaser that it is an allegedly "good marshmallow," which could mean it is a healthier, "cleaner," or otherwise preferable PEEPS® brand product, in the nature of other major brands that release an "all natural" version of their primary product.

77.    The net weight of the four-pack of Infringing Marshmallows is the same as the net weight of the four-pack of PEEPS® brand marshmallows in the PEEPS® Bunny Design.

78.    Defendants' Infringing Marshmallows are the identical product (marshmallow candies) as Plaintiff's world-famous PEEPS® brand marshmallows and compete directly with them.

79.    Upon information and belief, Defendants designed the Infringing Marshmallows to be in the same shape as the PEEPS® Bunny Design, packaged them in Infringing Packaging substantially and confusingly similar to the PEEPS® Packaging Trade Dress, and even matched the weight and imitated the colors of Plaintiff's PEEPS® marshmallows in the PEEPS® Bunny Design.

80.    Upon information and belief, Defendants were well aware of Plaintiff's PEEPS® Bunny Design and PEEPS® Packaging Trade Dress as well as Plaintiff's trademark registrations given Plaintiff's long use and fame and correspondence between counsel for Plaintiff and Defendants prior to Defendants' launch of the Infringing Marshmallows in the Infringing Packaging.

81.    Upon information and belief, Defendants directly copied Plaintiff's PEEPS® Bunny Design and PEEPS® Packaging Trade Dress in the Infringing Marshmallows and the Infringing Packaging to willfully trade upon the goodwill, recognition, and fame that Plaintiff has built for many years in its PEEPS® Bunny Design and PEEPS® Packaging Trade Dress.

**Defendants' Misconduct Has Already Caused Actual Confusion and Dilution**

82.     Upon information and belief, Defendants' use of this bunny configuration for the Infringing Marshmallows has already resulted in dilution of the famous PEEPS® Bunny Design. Multiple reviewers have referred to the Infringing Marshmallows as "vegan Peeps," which in itself evidences dilution of the distinctiveness of the PEEPS® Bunny Design and indicates that confusion is likely.  True and correct copies of third party blog and social media posts referring to the Infringing Marshmallows as "vegan Peeps" are included in **Exhibit D.**

83.     Defendants' willful and deliberate infringement of the PEEPS® Bunny Design and PEEPS® Packaging Trade Dress have already resulted in actual confusion. Paris Hilton posted a video to her social media channels in which she and her family repeatedly refer to the Infringing Marshmallows as "PEEPS".  This video is available on Instagram and on TikTok on which posting Ms. Hilton tagged Plaintiff at its TikTok account, @peepsbrand.  Ms. Hilton and her family refer to the Infringing Marshmallows as "Peeps" (a) in the video title; (b) repeatedly in the audio; and (c) in the video supertitles and subtitles.  A representative screenshot of the video is included below, depicting the Infringing Marshmallows in the Infringing Packaging shown to the camera and they are identified as "Peeps."  Ms. Hilton's posts including this video across Instagram and TikTok have garnered over twelve thousand likes and five hundred comments.



*Fig. 21: Still from the social media video posted by Ms. Hilton (supertitle and subtitle original)*

**Defendants' Deliberate and Willful Infringement and Dilution**

84.    Upon information and belief, Defendants were, at all relevant times, aware of Plaintiff, Plaintiff's trademark registrations, including the Bunny Registrations, Plaintiff's PEEPS® brand marshmallows and Plaintiff's various iconic and famous marks and trade dress, including the PEEPS® Packaging Trade Dress and the PEEPS® Bunny Design, the fame of the

---

[1] The faces of Ms. Hilton's minor children and one of their names are intentionally covered by Plaintiff.

foregoing, and that each of the foregoing were the property of and associated by the consuming public with Plaintiff Just Born.

85.     Defendants were not and have never been authorized or licensed by Plaintiff to use any of Plaintiff's trademarks or trade dress, including the PEEPS® Bunny Design or the PEEPS® Packaging Trade Dress.

86.     Upon information and belief, Defendants selected and adopted the shape of the Infringing Marshmallows, different from that of its prior non-representational marshmallows, to copy and in imitation of the PEEPS® Bunny Design.

87.     The confusing similarity of the configuration of the Infringing Marshmallows to the PEEPS® Bunny Design is likely to cause confusion or mistake or to deceive consumers as to whether the Infringing Marshmallows originate from, are authorized by, licensed by, or endorsed by Plaintiff.

88.     Upon information and belief, Defendants adopted the design of the Infringing Marshmallow to falsely associate the Infringing Marshmallows with Plaintiff's PEEPS® marshmallows and to create confusion or mistake among consumers as to whether the Infringing Marshmallows originate from, are associated with, approved by, or licensed by Plaintiff.

89.     Upon information and belief, Defendants adopted the Infringing Packaging, different from that of its other marshmallows, to copy and in imitation of the PEEPS® Packaging Trade Dress.

90.     Upon information and belief, Defendants adopted the Infringing Packaging to falsely associate the Infringing Marshmallows with Plaintiff's PEEPS® marshmallows and to create confusion or mistake among consumers as to whether the Infringing Marshmallows originate from, are associated with, approved by, or licensed by Plaintiff.

91. The confusing similarity of the Infringing Packaging to the PEEPS® Packaging Trade Dress is likely to cause confusion or mistake or to deceive consumers as to whether the Infringing Marshmallows originate from, are authorized by, licensed by, or endorsed by Plaintiff.

92. By their actions, Defendants have violated Plaintiff's exclusive rights in the use of its PEEPS® Bunny Design, as Defendants' use of a confusingly similar mark is likely to cause confusion or mistake or deceive consumers as to source, nature, and quality of the Infringing Marshmallows, constituting trademark infringement, false designation of origin, and unfair competition.

93. Defendants' use of the famous PEEPS® Bunny Design is also likely to blur the exclusive association of that famous mark with Plaintiff and its products in the minds of consumers, thereby diluting and damaging the value and distinctiveness of that famous mark.

## COUNT I
### Infringement of Trademark Registration No. 4,627,913
### 15 U.S.C. § 1114

94. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

95. Plaintiff owns incontestable U.S. Trademark Registration No. 4,627,913 for a stylized rendering of a bunny in connection with Candy in International Class 30.

96. The rendering of the '913 Registration is the two-dimensional version of the PEEPS® Bunny Design, which consists of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

97. The '913 Registration is incontestable and presumed valid, enforceable, nonfunctional, and distinctive.

98.     The PEEPS® Bunny Design is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

99.     The PEEPS® Bunny Design of the '913 Registration is inherently distinctive and has further acquired secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

100.    Plaintiff has valid, exclusive and protectable registered trademark rights in the PEEPS® Bunny Design as a two-dimensional design.

101.    Plaintiff has been using the two-dimensional version of the PEEPS® Bunny Design exclusively and continuously in commerce since on or before the dates of first use as reflected in the registration certificate for the '913 Registration included in Exhibit A attached hereto.

102.    The product configuration of the Infringing Marshmallows sold by Defendants is a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head, and is a three-dimensional version of the PEEPS® Bunny Design of the '913 Registration.

103.    The Infringing Packaging is printed with a repeating pattern of bunny shapes each substantially similar to the PEEPS® Bunny Design, as registered as a two-dimensional design in the '913 Registration.

104.    Defendants were not and have never been authorized or licensed by Plaintiff to use the two-dimensional version of the PEEPS® Bunny Design or any mark similar thereto.

105.    Defendants' conduct began long after Plaintiff's adoption, use, and registration of the PEEPS® Bunny Design and after Plaintiff's products became well-known to the purchasing public.

- 31 -

106. At all relevant times, Defendants were aware of Plaintiff's trademark registrations and trademark rights.

107. Defendants' use of a mark that is substantially similar in visual impression to the PEEPS® Bunny Design is likely to cause confusion or mistake or deceive consumers as to source, nature, and quality of the Infringing Marshmallows, constituting trademark infringement in violation of 15 U.S.C. § 1114.

108. Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its registered trademark and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to its name, reputation, and goodwill, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

109. Upon information and belief, Defendants have acted willfully in their violation of Plaintiff's rights and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to 15 U.S.C. §1117(a).

**COUNT II**
**Infringement of Trademark Registration No. 3,809,165**
**15 U.S.C. § 1114**

110. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

111. Plaintiff owns incontestable U.S. Trademark Registration No. 3,809,165 for a three-dimensional configuration of candy in the form of a bunny in connection with Candy in International Class 30.

112. The configuration of the '165 Registration is the three-dimensional version of the PEEPS® Bunny Design, which consists of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

- 32 -

113.    The '165 Registration is incontestable and presumed valid, enforceable, nonfunctional, and distinctive.

114.    The PEEPS® Bunny Design of the '165 Registration is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

115.    The three-dimensional version of the PEEPS® Bunny Design of the '165 Registration, due to its decades of use, enormous success, and media coverage, has acquired secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

116.    Plaintiff has valid, exclusive and protectable registered trademark rights in the PEEPS® Bunny Design as a product configuration trade dress.

117.    Plaintiff has been using the three-dimensional version of the PEEPS® Bunny Design as a product configuration trade dress exclusively and continuously in commerce since on or before the dates of first use as reflected in the registration certificates attached hereto.

118.    Defendants had actual knowledge of Plaintiff's rights in the PEEPS® Bunny Design of the '165 Registration prior to their infringement of the PEEPS® Bunny Design and were warned by Plaintiff to not adopt the product configuration of the Proposed Infringing Marshmallows.

119.    The product configuration of the Infringing Marshmallows sold by Defendants is a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head and is substantially similar to the PEEPS® Bunny Design of the '165 Registration.

120.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Bunny Design of the '165 Registration or any product configuration similar thereto.

121.    Defendants' use of a product configuration that is substantially similar in visual impression to the PEEPS® Bunny Design is likely to cause confusion or mistake or deceive consumers as to source, nature, and quality of the Infringing Marshmallows, constituting trademark infringement in violation of 15 U.S.C. § 1114.

122.    Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its registered trademark and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to its name, reputation, and goodwill, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

123.    Upon information and belief, Defendants have acted willfully in their violation of Plaintiff's rights and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to 15 U.S.C. §1117(a).

**COUNT III**
**Infringement of Trade Dress - Product Configuration**
**15 U.S.C. § 1125(a)**

124.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

125.    Plaintiff has valid and protectable rights in the PEEPS® Bunny Design both as a two-dimensional trademark and as a product configuration trade dress of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

126.    Plaintiff owns incontestable US Trademark Registration No. 3,809,165 for the PEEPS® Bunny Design as a product configuration for candy.

127.    The PEEPS® Bunny Design is nonfunctional as a product configuration because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

128.    Plaintiff distributes and sells its PEEPS® brand marshmallows in the PEEPS® Bunny Design nationwide.

129.    The PEEPS® Bunny Design, due to its decades of use, enormous success, and media coverage, has acquired secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

130.    The product configuration of the Infringing Marshmallows sold by Defendants is a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head, which is substantially similar to the PEEPS® Bunny Design.

131.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Bunny Design or any product configuration similar thereto.

132.    Defendants' use of a mark and trade dress that is confusingly similar to the PEEPS® Bunny Design is likely to cause confusion or mistake or deceive consumers as to source, nature, and quality of the Infringing Marshmallows, leading them to mistakenly believe that Defendants' Infringing Marshmallows are affiliated with those of Plaintiff, and constituting false designation of origin in violation of 15 U.S.C. § 1125(a).

133.    Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its trademark and trade dress and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to its name, reputation, and goodwill, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

134.    Upon information and belief, Defendants have acted willfully in their violation of Plaintiff's rights and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to 15 U.S.C. §1117(a).

**COUNT IV**
**Infringement of Unregistered Trade Dress – Packaging**
**15 U.S.C. § 1125(a)**

135.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

136.    Plaintiff has valid and protectable rights in the PEEPS® Packaging Trade Dress of rectangular white paper trays in pastel plastic packaging with a repeating bunny-shaped print with a transparent window on the right side or top through which clusters of four candies can be seen.

137.    The PEEPS® Packaging Trade Dress is, in whole, nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallow packaging and does not affect its cost or quality.

138.    Plaintiff distributes and sells its PEEPS® brand marshmallows in its PEEPS® Packaging Trade Dress nationwide.

139.    The PEEPS® Packaging Trade Dress is inherently distinctive, and has acquired additional secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

140.    The Infringing Marshmallows sold by Defendants are packaged in white paper trays in rectangular pastel plastic packaging with a transparent window through which a cluster of four pastel-colored marshmallow pieces can be seen, which is substantially similar to the PEEPS® Packaging Trade Dress.

141.    Certain packaging of the Infringing Marshmallows is printed with a repeating pattern of bunny designs, which are confusingly similar to the two-dimensional version of the PEEPS® Bunny Design.

142.    The Infringing Packaging displays marshmallows the same size, weight, and shape as Plaintiff's PEEPS® candy sold in the PEEPS® Bunny Design configuration.

143.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Packaging Trade Dress or any packaging design similar thereto.

144.    Defendants' use of packaging that is confusingly similar to the PEEPS® Packaging Trade Dress is likely to cause confusion or mistake or deceive consumers as to source, nature, and quality of the Infringing Marshmallows sold therein, leading them to mistakenly believe that Defendants' Infringing Marshmallows sold therein are affiliated with those of Plaintiff, and constituting false designation of origin in violation of 15 U.S.C. § 1125(a).

145.    Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its PEEPS® Packaging Trade Dress and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to its name, reputation, and goodwill, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

146.    Upon information and belief, Defendants have acted willfully in their violation of Plaintiff's rights and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to 15 U.S.C. §1117(a).

## COUNT V
### Trademark Dilution by Blurring
### 15 U.S.C. § 1125(c)

147.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

148.    Plaintiff has valid and protectable rights in the PEEPS® Bunny Design both as a two-dimensional trademark and as a product configuration trade dress of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

149.    Plaintiff owns the Bunny Registrations, which are incontestable U.S. Trademark Registration No. 4,627,913 for a stylized rendering of a bunny and incontestable U.S. Trademark

Registration No. 3,809,165 for a three-dimensional configuration of a candy in the form of a bunny, both in connection with Candy in International Class 30.

150.    The PEEPS® Bunny Design is famous among consumers in the United States and worldwide and is universally recognized as identifying a product as originating from, licensed by, otherwise authorized by Plaintiff.

151.    The PEEPS® Bunny Design is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

152.    The PEEPS® Bunny Design, due to its decades of use, enormous success, and media coverage, is famous among consumers and recognized as indicating Plaintiff as the sole source of products bearing or in the PEEPS® Bunny Design.

153.    Defendants are using the famous PEEPS® Bunny Design as the configuration of their Infringing Marshmallow product.

154.    Defendants are marking their product packaging with a repeating pattern substantially similar to the PEEPS® Bunny Design.

155.    Defendants are selling their products using the famous PEEPS® Bunny Design in interstate commerce.

156.    Defendants commenced offering for sale and selling their products using the famous PEEPS® Bunny Design long after the PEEPS® Bunny Design became famous.

157.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Bunny Design or any product configuration similar thereto.

158.    Defendants' use of the recognizable, distinctive, and famous PEEPS® Bunny Design is likely to weaken the distinctiveness of the PEEPS® Bunny Design and its ability to

identify Plaintiff as the sole source of products in the PEEPS® Bunny Design configuration or marked with the PEEPS® Bunny Design.

159.    Defendants' use of the famous PEEPS® Bunny Design therefore constitutes dilution by blurring in violation of 15 U.S.C. § 1125(c).

160.    Plaintiff has been and will continue to be irreparably injured by Defendants' dilution by blurring of its famous PEEPS® Bunny Design and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to the distinctiveness and value of the famous PEEPS® Bunny Design, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

161.    Upon information and belief, Defendants have acted willfully with the intent to trade on Plaintiff's reputation or to dilute the fame of the PEEPS® Bunny Design and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT VI
### Trademark Dilution Under New Jersey Law
### N.J.S.A. 56:3-13.20

162.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

163.    Plaintiff owns the Bunny Registrations, which are incontestable U.S. Trademark Registration No. 4,627,913 for a stylized rendering of a bunny and incontestable U.S. Trademark Registration No. 3,809,165 for a three-dimensional configuration of a candy in the form of a bunny, both in connection with Candy in International Class 30.

164.    The PEEPS® Bunny Design is famous among consumers in the State of New Jersey and is universally recognized as identifying a product as originating from, licensed by, otherwise authorized by Plaintiff.

165.    The PEEPS® Bunny Design is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

166.    The PEEPS® Bunny Design, due to its decades of nationwide use, enormous success, and media coverage, is famous among consumers and recognized as indicating Plaintiff as the sole source of products bearing or in the PEEPS® Bunny Design.

167.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Bunny Design or any trademark, trade dress, or product configuration similar thereto.

168.    Defendants are using the famous PEEPS® Bunny Design as the configuration of their Infringing Marshmallow product.

169.    Defendants are selling their products using the famous PEEPS® Bunny Design in interstate commerce.

170.    Defendants commenced offering for sale and selling their products using the famous PEEPS® Bunny Design long after the PEEPS® Bunny Design became famous.

171.    Defendants' use of the famous PEEPS® Bunny Design is likely to weaken the distinctiveness of the PEEPS® Bunny Design and its ability to identify Plaintiff as the sole source of products in the PEEPS® Bunny Design configuration or marked with the PEEPS® Bunny Design.

172.    Defendants' use of the famous PEEPS® Bunny Design therefore constitutes dilution in violation of N.J.S.A. 56:3-13.20.

173.    Plaintiff has been and will continue to be irreparably injured by Defendants' dilution by blurring of its famous PEEPS® Bunny Design and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm to the distinctiveness and value of the

famous PEEPS® Bunny Design, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

174.    Upon information and belief, Defendants have acted willfully with the intent to trade on Plaintiff's reputation or to dilute the fame of the PEEPS® Bunny Design and Plaintiff should therefore be allowed to recover its damages, Defendants' profits, and the costs of this action, together with its attorneys' fees pursuant to N.J.S.A. 56:3-13.20.

## COUNT VII
### Unfair Competition Under New Jersey Law
### N.J.S.A. 56:4-1 *et seq.*

175.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

176.    Plaintiff has valid and protectable rights in the PEEPS® Bunny Design both as a two-dimensional trademark and as a product configuration trade dress of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

177.    Plaintiff owns the Bunny Registrations, which are incontestable U.S. Trademark Registration No. 4,627,913 for a stylized rendering of a bunny and incontestable U.S. Trademark Registration No. 3,809,165 for a three-dimensional configuration of a candy in the form of a bunny, both in connection with Candy in International Class 30.

178.    The PEEPS® Bunny Design is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

179.    Plaintiff distributes and sells its PEEPS® brand marshmallows in the PEEPS® Bunny Design nationwide, including in New Jersey.

180.    The PEEPS® Bunny Design, due to its decades of use, enormous success, and media coverage, has acquired secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

181.    The product configuration of the Infringing Marshmallows sold by Defendants is a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head, which is substantially similar to the PEEPS® Bunny Design.

182.    The packaging of the Infringing Marshmallows is printed with a repeating pattern of bunny designs, which is substantially similar to the PEEPS® Bunny Design.

183.    Defendants' Infringing Marshmallows are the same product and compete directly with PEEPS® brand marshmallows.

184.    Defendants were not and have never been authorized or licensed by Plaintiff to use the PEEPS® Bunny Design or any trademark, trade dress, or product configuration similar thereto.

185.    Defendants' use of a mark and trade dress that is confusingly similar to the PEEPS® Bunny Design is an attempt to appropriate for their own use the PEEPS® brand and the PEEPS® Bunny Design in violation of N.J.S.A. 56:4-1.

186.    Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its trademark and trade dress and, and unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm from Defendants' appropriation of the PEEPS® Bunny Design, which harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## COUNT VIII
### Unfair Competition Under New Jersey Common Law

187.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates the same as if set forth at length herein.

188.    Plaintiff has valid and protectable rights in the PEEPS® Bunny Design both as a two-dimensional trademark and as a product configuration trade dress of a simplified rounded silhouette of a front-facing bunny with a face formed of three dots and a v-shaped pair of rounded ears centrally placed on the head.

189.    Plaintiff owns the Bunny Registrations, which are incontestable U.S. Trademark Registration No. 4,627,913 for a stylized rendering of a bunny and incontestable U.S. Trademark Registration No. 3,809,165 for a three-dimensional configuration of a candy in the form of a bunny, both in connection with Candy in International Class 30.

190.    The PEEPS® Bunny Design is nonfunctional because it is not essential to the use or purpose of Plaintiff's PEEPS® brand marshmallows and licensed products and does not affect their cost or quality.

191.    Plaintiff distributes and sells its PEEPS® brand marshmallows in the PEEPS® Bunny Design nationwide, including in New Jersey.

192.    The PEEPS® Bunny Design, due to its decades of use, enormous success, and media coverage, has acquired secondary meaning among the consuming public as an indicia of source or approval by Plaintiff.

193.    The product configuration of the Infringing Marshmallows sold by Defendants is a simplified rounded silhouette of a front-facing bunny with a v-shaped pair of rounded ears centrally placed on the head, which is substantially similar to the PEEPS® Bunny Design.

194.    The packaging of the Infringing Marshmallows is printed with a repeating pattern of simplified rounded silhouette of a front-facing bunny with v-shaped pairs of rounded ears, which are substantially similar to the PEEPS® Bunny Design.

195.    Defendants' Infringing Marshmallows are the same product and compete directly with PEEPS® brand marshmallows.

196.    Defendants' use of a mark and trade dress that is confusingly similar to the PEEPS® Bunny Design is an attempt to confuse, mislead, or deceive consumers as to the source of origin of Defendants' Infringing Marshmallow products in violation of New Jersey common law.

197.    Plaintiff has been and will continue to be irreparably injured by Defendants' infringement of its trademark and trade dress and, unless Defendants are enjoined by the Court, Plaintiff will continue to suffer further harm from Defendants' appropriation of the PEEPS® Bunny Design, which harm constitutes an injury for which Plaintiff has no adequate remedy at law. As a result of Defendants' conduct, Plaintiff Just Born, Inc. is entitled to injunctive relief, and Plaintiff is also entitled to recover Defendants' profits, as well as treble damages and attorneys' fees and costs and any other relief the court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.    Judgment that Defendants have (i) willfully infringed Plaintiff's registered trademarks in violation of § 1114 of Title 15 in the United States Code; (ii) willfully used false designations of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) willfully diluted the registered trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) willfully diluted the registered trademarks in violation of the New Jersey Trademark Act, N.J.S.A. 56:3-13.1 et seq.; (v) willfully infringed the registered trademarks and engaged in unfair competition in violation of New Jersey law, 56:4-1 et seq.; and (vi) willfully committed deceptive acts and infringed Plaintiff's registered trademarks in violation of New Jersey Common Law.

B.      A preliminary and permanent injunction prohibiting Defendants and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from:

      a.   manufacturing, offering to sell, selling, distributing, marketing, promoting, or advertising the Infringing Marshmallows or any products that use a copy, reproduction, and/or imitation of any of Plaintiff's trademarks or trade dress, registered or unregistered, including but not limited to the PEEPS® Bunny Design and/or the PEEPS® Packaging Trade Dress;

      b.   using, in any manner, any mark, design or product configuration that imitates or is confusingly similar to or in any way similar to any of Plaintiff's trademarks or trade dress, registered or unregistered, including but not limited to the PEEPS® Bunny Design and/or PEEPS® Packaging Trade Dress to market, advertise, or identify any product and/or service not produced, offered, or authorized by Plaintiff, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendants' goods or their connectedness to Plaintiff including, without limitation, the Infringing Marshmallows; and

      c.   Using any of Plaintiff's trademarks or trade dress, registered or unregistered, or any other confusingly similar trademarks or trade dress.

C.      An order directing the destruction of any and all products that use a copy, reproduction, and/or imitation of Plaintiff's registered or unregistered trademarks or trade dress, in Defendants' possession or control, and the destruction of all advertising materials related to such products in Defendants' possession or control;

D.    An award of:

a.    Plaintiff's damages caused by Defendants' infringement, dilution, and unfair competition in an amount to be determined at trial;

b.    Defendants' profits from sale of the Infringing Marshmallows;

c.    Plaintiff's costs incurred in this action;

d.    Plaintiff's attorneys' fees for Defendants' trademark infringements and dilution;

e.    Pre-judgment and post-judgment interest as permitted by law; and

f.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury on any and all issues triable by right.

Dated: April 24, 2026                    **NORRIS McLAUGHLIN, P.A.**

By: */s/ Danielle M. DeFilippis*
Danielle M. DeFilippis, Esq.

400 Crossing Blvd., 8th Floor
Bridgewater, New Jersey 08807
Tel.: (908) 722-0700
dmdefilippis@norris-law.com
*Attorneys for Plaintiff Just Born, Inc.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I certify that to the best of my present knowledge, the matter in controversy is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding.

Dated: April 27, 2026                    **NORRIS McLAUGHLIN, P.A.**

- 47 -

By:  */s/ Danielle M. DeFilippis*
Danielle M. DeFilippis, Esq.

400 Crossing Blvd., 8th Floor
Bridgewater, New Jersey 08807
Tel.: (908) 722-0700
dmdefilippis@norris-law.com
*Attorneys for Plaintiff Just Born, Inc.*